Barry R. Eichen
Thomas Paciorkowski
**EICHEN CRUTCHLOW ZASLOW & McELROY, LLP**
40 Ethel Road
Edison, NJ 08817
Telephone: (732) 777-0100

Sidney S. Liebesman
**LIEBESMAN LAW, LLC**
501 Silverside Road, Suite 2
Wilmington, DE 19809
Telephone: (302) 798-1000

*Attorneys for Plaintiff and Putative Class*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMRAN CHAUDHRI, individually, and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| OSRAM SYLVANIA, INC., and OSRAM SYLVANIA PRODUCTS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, Imran Chaudhri, individually, and on behalf of all others similarly situated, by his undersigned attorneys, brings this class action for monetary and other relief against Defendants OSRAM SYLVANIA, Inc. and OSRAM SYLVANIA PRODUCTS, INC. (collectively, "Sylvania" or the "Company") and makes the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiff which are based on personal knowledge.

1

## NATURE OF THE ACTION

1. This is a consumer fraud class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Sylvania for deceiving customers into purchasing Halogen headlights by using false and misleading packaging and advertising. Sylvania's conduct is especially egregious in light of the fact that automotive lighting -- particularly headlights -- is a critical safety device responsible for protecting the lives of millions of people. Sylvania wrongly plays upon consumers' concerns for automotive safety and makes false statements to get those consumers to buy its' products. Specifically, Sylvania touts its SilverStar® headlights as being brighter, providing a wider beam, and enabling the user to see further down the road than standard halogen headlights. But Sylvania rigged the process. While making those claims, Sylvania omits to disclose to consumers that it was not basing the comparisons under similar testing conditions.

2. In so doing, Sylvania has committed, and continues to commit, consumer fraud and has unjustly enriched itself.

3. Plaintiff therefore brings this action on behalf of a proposed Class of similarly situated purchasers of SilverStar® headlights.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, codified in part at 28 U.S.C. §1332(d), because there are 100 or more class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Additionally, at least one Class member is a citizen of a state different than Sylvania.

5. Venue in the United States District Court for the District of New Jersey is proper because events giving rise to the claims, including, *inter alia*, Sylvania's false and misleading

packaging, advertising and marketing, occurred and arose in this District. Further, Sylvania is authorized and does, in fact, transact business within this District.

## PARTIES

6.    Plaintiff Imran Chaudhri is, and at all times relevant hereto was, an individual residing in Piscataway, New Jersey. Plaintiff purchased a 9004 SilverStar® head lamp manufactured by the Defendant from a retail establishment located in the State of New Jersey based on the deceptive packaging, labels and national marketing/advertising media as described below which were designed to encourage consumers to purchase Defendants' SilverStar® head lamps. Plaintiff is a member of the Class he seeks to represent herein.

7.    Defendant Sylvania is the North American business of OSRAM GmbH of Germany, one of the world's largest manufacturers and part of the Siemens family of companies. Sylvania is a corporation organized under the laws of the State of Delaware. The Company manufactures and markets a wide range of products and precision materials and components for business and industry, consumers, for the automotive industry, and for the computer, aerospace and other major industries worldwide. Sylvania has seven principal organizational units: (i) General Lighting; (ii) Precision Materials & Components; (iii) Automotive Lighting; (iv) Electronic Control Systems; (v) OSRAM SYLVANIA LTD./LTEE; (vi) OSRAM Mexico; and (vii) Display/Optic. Sylvania is headquartered in Danvers, Massachusetts, but does business throughout the United States, including the State of New Jersey.

8.    Whenever in this Complaint reference is made to any act or omission of Sylvania, such allegations shall be deemed to mean that the directors, officers, agents, employees, distributors, partners, contractors, third-party sales agencies or representatives of Sylvania did, authorized or commanded such act or omission while actively engaged in the management,

operation, control or representation of the affairs of the Company and while acting within the course and scope of their agency, distributorship, contract, employment, representation and capacity.

## FACTUAL BACKGROUND

9. Sylvania manufactures and sells, among other things, automotive lighting products. Among the product lines of Halogen head lamps Sylvania manufactures and sells to consumers throughout the United States is what the Company refers to as "SilverStar® Products." This product line includes various SilverStar® headlights, including the 9004 SilverStar® head lamp which was purchased by the Plaintiff.

10. Headlights are among the most important safety devices on automobiles. Better headlights allow drivers to see more at night and during inclement weather, and react quicker. Headlights protect drivers, passengers and pedestrians. Indeed, Sylvania's advertisements play heavily on the value of improved safety devices.

11. The revenues derived from the sales of lamps are so important to Sylvania, that it routinely sues companies to enforce whatever patent and trademark rights it believes it has. However, in an effort to generate more revenues and profits at the expense and risk of life and property to consumers, Sylvania misled, and continues to mislead, the Class by grossly exaggerating the qualities of its headlights in its comparisons with other headlights.

### Sylvania's Misleading Packaging

12. Sylvania sells its headlamps through retail stores and online. Sylvania products that are placed in retail stores for sale are packaged so that consumers can see and read the packaging before making a purchase. Indeed, Sylvania's packaging of its headlamps is

specifically geared toward consumers looking to purchase a headlamp and making comparisons between manufacturers.

13. On the front of the packaging for its 9004 SilverStar® head lamp, the Company claims their Silver Star bulbs are up to 35% brighter, you can see up to 30% further down road, and up to 35% wider, than standard halogen headlights. These three metrics are set off to one side of the packaging and are each described with diagrams in a manner to highlight those misleading claims to consumers. *See* Exhibit A. Nowhere in the front of the packaging does Sylvania explain how it derived the comparisons. Sylvania simply states as a fact that the 9004 SilverStar® head lamp is between up to 30-35% better as described above.

14. On the back of packaging and in large font and style, Sylvania again touts the "brightness", "down road" and "side road" features of its SilverStar® head lamps. But, buried in very small print on the back of the packaging, Sylvania has a disclaimer that they are comparing the Silver Star headlights at 100% brightness and halogen headlights at only 80% brightness. Specifically, Sylvania places the following text in small print on the back of the packaging: "Claims based on measured comparisons between SilverStar product family at 100% light output and standard halogen bulbs at 80% light output."

15. The representations above are without scientific support and are otherwise misleading. This packaging and the misleading nature of the representations contained therein are consistent with Sylvania's packaging of its entire SilverStar® head lamp line which, in all cases, is equally misleading.

### Sylvania's Deceptive Video Advertisements

16. During the Class Period, Sylvania produced a video advertisement concerning its SilverStar® ULTRA head lamps for showing to potential customers on television and on the

5

Internet. The advertisement was, and continues to be, misleading to consumers. Sylvania places the phrases: "50% brighter," "40% farther," and "50% wider" in the video. However, the audio portion of the video expands slightly on the misleading figures. In the video, the announcer claims the head lamps are "up to 50% brighter," allow one to "see up to 40% farther," and "up to 50% wider." The video ends with the announcer stating: "See farther, see wider, see better."

17. During the video advertisement, Sylvania, in small print, refers consumers to a website (www.sylvania.com/auto) "for comparison information."

18. As of the filing of this Complaint, the video advertisement was available to the public on Sylvania's website (http://www.sylvania.com/AboutUs/Pressxpress/Mediacenter/Onlinepublic/SilverStar+Ultra+Commercial.htm).



19. Sylvania's video advertising of SilverStar® head lamps is misleading and, as the packaging, is specifically directed to consumers to cause them to purchase the products.

6

**Plaintiff Succumbs to Sylvania's Deceptive Marketing**

20. On March 11, 2009, Plaintiff purchased one package of Sylvania's 9004 SilverStar® head lamps from Walmart in Piscataway, New Jersey for his personal use. Plaintiff paid $37.63, exclusive of taxes, for the product. Plaintiff based his purchase of the 9004 SilverStar® head lamps on the false representations described above.

## CLASS ACTION ALLEGATIONS

21. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and the proposed plaintiff Class consisting of:

> All persons who purchased SilverStar® head lamps. Excluded from the Class are defendant's officers, directors and employees.

22. Plaintiff reserves the right to modify the Class description and the Class Period based on the results of discovery or otherwise prior to the certification of the Class.

23. Class members are so numerous and geographically diverse that their individual joinder is impracticable. Although the exact number of Class members is presently unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes and therefore avers that there are thousands of Class members – too many to practically join in a single suit.

24. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Indeed, Plaintiff and Class members' claims derive from a common core of salient facts, and share many of the same legal claims. These common questions include the following:

    a.    Whether Sylvania's conduct is an unlawful business act or practice within the meaning of New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*;

    b.    Whether Sylvania's advertising is untrue or misleading within the meaning of New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*;

    c.    Whether Sylvania possess competent and reliable scientific evidence to support their package/label and advertising claims made regarding the products at issue herein;

    d.    Whether Sylvania made false and misleading representations in their advertising and labeling of the products at issue herein;

    e.    Whether Sylvania knew or should have known that the representations and omissions were false as alleged herein;

    f.    Whether Sylvania was unjustly enriched at the expense of Plaintiff and the Class members;

    g.    Whether Plaintiff and the Class members suffered any ascertainable loss of money as a result of the misrepresentation, concealment, suppression or omission of material fact; and

    h.    Whether Plaintiff and the Class members are entitled to recover damages, including refunds, treble damages, attorneys' fees, filing fees and reasonable costs of suit for Sylvania's injury to them in violation of the New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*

25.    Plaintiff's claims are typical of the claims of the Class members because he, like Class members, purchased SilverStar® head lamps manufactured by the Defendant relying on Sylvania's packaging, labeling and advertising and the products did not perform as advertised.

26.    Plaintiff is an adequate representative because his interests coincide with, and not antagonistic to, those of the Class members they seek to represent. Plaintiff is represented by experienced and able counsel who have litigated numerous class actions, and Plaintiff's counsel intend to prosecute this action vigorously for the benefit of the Plaintiff and all Class members. Plaintiff and his counsel can fairly and adequately protect the interests of the Class members.

27.    The class action is the best available method for the efficient adjudication of this litigation because individual litigation of the Class members' claims would be impracticable and unduly burdensome to the courts. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management

problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

28.　Class certification is also appropriate because there is an identifiable class on whose behalf this class action would be prosecuted. Class members are readily ascertainable. Because the Class members are so readily identifiable, this action is also readily manageable as a class action. Plaintiff envisions no unusual difficulty in the management of this action as a class action.

29.　A notice of pendency and/or resolution of this class action can be provided to Class members by direct mail, public notice, or other means.

## FIRST CAUSE OF ACTION

### Violation of State Consumer Protection Statutes
### New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*

30.　Plaintiff incorporates the above and below allegations by reference as if fully set forth herein.

31.　Plaintiff and Class members are consumers who purchased SilverStar® head lamps manufactured by Sylvania.

32.　Sylvania, in connection with the sale of SilverStar® head lamps, engaged in deceptive, unconscionable, unfair, fraudulent and misleading commercial practices.

33.　Sylvania concealed, suppressed, or omitted material facts with the intent that Plaintiff and Class members rely upon such concealment, suppression or omissions. Sylvania's conduct was objectively deceptive and had the capacity to deceive reasonable consumers under the circumstances.

34. Sylvania's general course of conduct had an impact on the public interest because the acts were part of a generalized course of conduct affecting numerous consumers.

35. Sylvania's conduct, which included deception, fraud, false pretense, false promises, misrepresentations, and the knowing concealment, suppression or omission of material facts related to head lamp brightness, head lamp beam width, the ability to see further, and head lamp life, caused and resulted in injury in fact and an ascertainable loss of money to Plaintiff and Class members. The resulting injury to Plaintiff and Class members was foreseeable by Sylvania.

36. Defendants' conduct caused Plaintiff and the Class to pay a premium for SilverStar® head lamps compared to regular halogen head lamps. SilverStar® head lamps generally sell for approximately two times as much as regular halogen head lamps.

37. Plaintiff, on behalf of himself and Class members, seek to recover the damages they suffered, including actual and punitive damages, restitution of all monies wrongfully acquired by Sylvania as a result of its misconduct, injunctive and declaratory relief, attorneys' fees and costs of suit, and other non-monetary relief as appropriate.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

38. Plaintiff incorporates the above and below allegations by reference as if fully set forth herein.

39. Plaintiff and Class members purchased SilverStar® head lamps manufactured by Sylvania during the Class Period in justifiable reliance of Sylvania's packaging, labeling and advertising of the products at issue herein.

40. Sylvania knew but failed to disclose to Plaintiff and the Class members when they purchased the SilverStar® head lamps that the head lamps did not perform as described and advertised.

41. Plaintiff and the Class members purchased SilverStar® head lamps without Sylvania disclosing to them the true quality of the products.

42. By purchasing the SilverStar® head lamps, Plaintiff and the Class members conferred a benefit upon Sylvania, without knowledge of the true qualities of the products.

43. Sylvania knowingly received and retained this non-gratuitous benefit conferred on it by Plaintiff and the Class members despite its knowledge that the SilverStar® head lamps were not of the quality as stated on the packaging, labeling and advertisements.

44. Sylvania has been unjustly enriched in retaining payments paid by Plaintiff and the Class members in connection with the purchase of SilverStar® head lamps by Class members.

45. Sylvania's retention of the non-gratuitous benefit conferred by Plaintiff and the Class members under these circumstances is unjust and inequitable.

46. No other remedy at law can adequately compensate Plaintiff and the Class members for the economic damages resulting to them from Sylvania's wrongful actions as alleged herein.

47. Because Sylvania's retention of the non-gratuitous benefit conferred on it by Plaintiff and the Class members is unjust and inequitable, Sylvania must pay restitution to Plaintiff and the Class members for its unjust enrichment.

## **THIRD CAUSE OF ACTION**

### **Misrepresentation**

48. Plaintiff incorporates the above and below allegations by reference as if fully set forth herein.

49. Sylvania represented to Plaintiff and each Class member by means of its packaging, advertising, marketing and other promotional materials that its SilverStar® head lamps were of a particular quality, when those head lamps were not of that quality and where Sylvania had no substantiating scientific evidence of the claims.

50. Sylvania's representations were untrue as set forth above.

51. Sylvania made the representations herein alleged with the intention of inducing Plaintiff and the Class members to purchase SilverStar® head lamps.

52. Plaintiff and the Class members relied upon Sylvania's representations and, in reliance on them, purchased such head lamps.

53. Said reliance was reasonable. Plaintiff and the Class members were without the ability to determine the truth of these statements on their own and could only rely on Sylvania's statements in its packaging, advertising, marketing and other promotional materials.

54. At the time Sylvania made the representations herein alleged, the Company knew the representations were false. Even so, Sylvania continued to make the unsubstantiated, false claims.

55. Sylvania made these misrepresentations with the intention of depriving Plaintiff and the Class members of property or otherwise causing injury.

## FOURTH CAUSE OF ACTION

### Negligent Misrepresentation

56. Plaintiff incorporates the above and below allegations by reference as if fully set forth herein.

57. Sylvania represented to Plaintiff and each Class member by means of its packaging, advertising, marketing and other promotional materials that Sylvania's SilverStar® head lamps were of a particular quality, when those head lamps were not of that quality and where Sylvania had no substantiating scientific evidence of the claims.

58. Sylvania's representations were untrue as set forth above.

59. Sylvania made the representations herein alleged with the intention of inducing Plaintiff and the Class members to purchase such head lamps.

60. Plaintiff and the Class members relied upon Sylvania's representations and, in reliance on them, purchased such head lamps.

61. Said reliance was reasonable. Plaintiff and the Class members were without the ability to determine the truth of these statements on their own and could only rely on Sylvania's statements on its packaging, advertising, marketing and other promotional materials.

62. At the time Sylvania made the misrepresentations herein alleged, it had no reasonable grounds for believing the representations to be true, as it possessed no competent and reliable scientific evidence to substantiate the representations set forth in detail above.

63. As a proximate result of the foregoing negligent misrepresentations by Sylvania, Plaintiff and the Class members were induced to improperly spend an amount to be determined at trial on SilverStar® head lamps. Had Plaintiff and the Class members known the true facts about the quality of SilverStar® head lamps, they would not have purchased the products.

## FIFTH CAUSE OF ACTION

### For Breach of Express Warranty

64. Plaintiff incorporates the above and below allegations by reference as if fully set forth herein.

65. As set forth above, through the improper practices described above, Sylvania intentionally misrepresented the quality of its SilverStar® head lamps sold to Plaintiff and the Class members.

66. Sylvania, by affirmation of fact and/or promises set forth in its packaging, advertisements and marketing created an express warranty that its SilverStar® head lamps would perform as represented.

67. The affirmation of fact and/or promises related to the so-called ability for consumers to see brighter, farther, and wider using its SilverStar® head lamps. These affirmations and/or promises are express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff, members of the Class, and Sylvania.

68. Plaintiff and the Class members performed all conditions precedent under the contract between the parties.

69. Sylvania breached the terms of the contract between the parties including the express warranties related to the quality of the SilverStar® head lamps with Plaintiff and the Class by not providing the SilverStar® head lamps in a manner that conforms to the affirmations and/or promises.

70. Sylvania's breach of this contract has directly and proximately caused the Plaintiff and the Class to suffer damages in the amount of the purchase price of the SilverStar® head lamps purchased by the Plaintiff and the members of the Class.

## SIXTH CAUSE OF ACTION

### For Injunctive and Declaratory Relief

71. Plaintiff incorporates the above and below allegations by reference as if fully set forth herein.

72. As set forth above, through the improper practices described above, Sylvania has intentionally misrepresented the quality of its SilverStar® head lamps where Sylvania had no substantiating scientific evidence of the claims.

73. Sylvania continues its deceptive practices of marketing its SilverStar® head lamps.

74. Sylvania's practices described herein are unlawful and against public policy and, therefore, the Company should be prohibited and enjoined from engaging in these practices in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all Class members he seeks to represent, demand judgment against Sylvania as follows:

    A.    For an order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as Class Representative and his attorneys as Class Counsel to represent the Class members;

    B.    For an order declaring that Sylvania's conduct violates the New Jersey State Consumer Protection Statute alleged herein;

    C.    For an order entering judgment in favor of Plaintiff and the Class members against Sylvania;

D. For an order awarding damages, including punitive damages, against Sylvania in favor of Plaintiff and the Class members in an amount to be determined by the Court as fair and just for Sylvania's wrongful conduct;

E. For an order awarding Plaintiff and the Class members pre-judgment interest on any damages awarded by the Court;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper;

H. For an order awarding Plaintiff and the Class member their reasonable attorneys' fees and expenses, and costs of suit; and

I. Granting such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the instant action as to all claims so triable.

Dated: September 22, 2011        **EICHEN CRUTCHLOW ZASLOW & McELROY, LLP**

By: _____
Barry R. Eichen
Thomas Paciorkowski
40 Ethel Road
Edison, NJ 08817
Telephone: (732) 777-0100

*Attorneys for Plaintiff*
Imran Chaudhri *and the Putative Class*

Of Counsel:
Sidney S. Liebesman
**LIEBESMAN LAW, LLC**
501 Silverside Road, Suite 2
Wilmington, DE 19809
Telephone: (302) 798-1000

## **CERTIFICATION**

Pursuant to L. Civ. R. 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending, arbitration, or administrative proceeding to Plaintiff's knowledge.

Dated: September 22, 2011             EICHEN CRUTCHLOW ZASLOW & McELROY, LLP

                                      By: _____
                                          Thomas Paciorkowski
                                          40 Ethel Road
                                          Edison, NJ  08817
                                          Telephone: (732) 777-0100

                                          *Attorneys for Plaintiff*
                                          Imran Chaudhri *and the Putative Class*

# EXHIBIT A



