# EICHEN CRUTCHLOW ZASLOW & MCELROY, LLP
## ATTORNEYS AT LAW

BARRY R. EICHEN ⚖ §
WILLIAM O. CRUTCHLOW ⚖
DARYL L. ZASLOW ⚖
EDWARD MCELROY
CHRISTIAN R. MASTONDREA ‡
PAUL M. DA COSTA ◆
THOMAS PACIORKOWSKI ‡

40 Ethel Road
Edison, New Jersey 08817

Tel: (732) 777-0100
Fax: (732) 248-8273

www.newjerseymedmalattorney.com
www.njadvocates.com

AFFILIATE OFFICES
TOMS RIVER
RED BANK

October 19, 2012

**Via ECF & Lawyers Service**
Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:  Chaudhri v. Osram Sylvania, Inc., *et al.*
     Civil Action No. 11-5504 (SDW) (MCA)

Dear Judge Arleo:

This firm serves as co-counsel for the Plaintiff in this consumer fraud class action. I write because there have been several, recent discovery disputes between the parties that, despite two meet and confers, have not been resolved.

This case involves misrepresentations of the performance characteristics of Defendant's automobile head lamps. The initial status conference was held before Your Honor on August 28th following the denial of Defendant's motion to dismiss. The class discovery deadline is December 15, 2012.

The discovery disputes include Defendant's refusal to produce any merits discovery at this stage in the litigation even though both Plaintiff and Defendant agreed not to bifurcate class and merits discovery, understanding the difficulties in separating the two. During the scheduling conference with Your Honor, Plaintiff's counsel, Mr. Liebesman, and Defendant's counsel, Ms. Eun, both confirmed that agreement to the Court.

Notwithstanding the above agreement, Defendant has now taken the position that it will not produce any merits discovery in response to Plaintiff's discovery demands, even though many Rule 23 issues overlap with merits issues. It is unsettling to see Defendant attempt to unilaterally change the timing and scope of discovery with the hope of thwarting Plaintiff's efforts to show how appropriate class certification is in this case.

Furthermore, Plaintiff served Defendant with a Rule 30(b)(6) deposition seeking a person(s) with knowledge to identify the people with functional roles related to the misrepresentations in this case so that the Plaintiff can ascertain which of the many witnesses really need to be deposed. The deposition was intended to make discovery more efficient for both parties. Yet, Defendant refused to produce a 30(b)(6) witness, mere days before the deposition was to occur. Defendant similarly objected to many of Plaintiff's discovery requests on the grounds that the requests seek merits discovery. While the requested information may also go to the merits of the case, we believe the requested information is necessary to satisfy the requirements of the impending Rule 23 motion for class certification. To date, Defendant has only produced five documents, one of which is literally an exhibit Plaintiff attached to the filed Amended Complaint.

No doubt, by controlling the scope and timing of discovery, Defendant is positioning itself to prevent Plaintiff from making the appropriate application for class certification – a critical milestone in class cases. The Third Circuit in *In re: Hydrogen Peroxide Antitrust Litigation*, 552 F.3d 305 (3d Cir. 2009) noted that discovery into the merits at the class certification stage is not only permissible but appropriate when the merits overlap the Rule 23 criteria.

**Plaintiff respectfully requests a teleconference with Your Honor so the parties can better assess what discovery will be permitted at this stage in the proceedings.**

As always, we are available at the convenience of the Court.

Respectfully submitted,

Thomas Paciorkowski, Esq.


cc: Eunnice H. Eun, *counsel for defendants, via email*