UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMRAN CHAUDHRI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>OSRAM SYLVANIA, INC., and OSRAM SYLVANIA PRODUCTS, INC.,<br><br>Defendants. | Civil Action No.<br>2:11-CV-05504-SDW-MCA |

**CERTIFICATION OF DAVID C. KISTLER
PURSUANT TO LOCAL CIVIL RULE 5.3(b)(2) IN SUPPORT OF
<u>ENTRY OF CONFIDENTIALITY ORDER</u>**

I, David C. Kistler, hereby certify as follows:

1. I am a partner at the law firm of Blank Rome LLP, and one of the attorneys representing Defendants OSRAM Sylvania, Inc. and OSRAM Sylvania Products, Inc. (collectively "OSRAM") in the above-captioned matter.

2. I make this certification pursuant to Local Civil Rule 5.3(b)(2), in support of the parties' request for entry of a Discovery Confidentiality Order governing the treatment of confidential information and documents exchanged during the discovery process, and providing certain protections against inadvertent disclosure of confidential, privileged and work product-protected documents.

3. In the course of current and future discovery, the parties may seek and be required to disclose documents and information of a sensitive, confidential, or private nature. Some of the information that may be relevant to the litigation of the claims and defenses asserted in this action would be subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

By way of example only, and not by way of limitation, OSRAM may be required to produce, or others may be required to produce on its behalf, the following:

    (a)    Confidential and proprietary plans, schematics, and designs for OSRAM products and information related to those plans, schematics, and designs.

    (b)    Confidential scientific research regarding OSRAM products.

    (c)    Confidential and proprietary marketing plans, materials, and consumer research for OSRAM products.

    (d)    Confidential and proprietary financial data and related information including sales data, pricing data, customer data, and competitive pricing information.

    (e)    Confidential testing procedures, methodologies, and results regarding OSRAM products.

    (f)    Confidential OSRAM employee personal data and information.

4. OSRAM preserves its objections to some or all of these categories of information in the event Plaintiffs request such information in their discovery requests.

5. OSRAM ordinarily maintains the documents described in paragraph 3(a)-(f) in confidence, and these documents may have important, current, and competitively sensitive information.

6. The parties agree it is necessary and appropriate for the Court to provide a mechanism to limit the disclosure and protect the confidentiality of the Confidential Information that the parties may be required to disclose in discovery in this action.  Due to the sensitive and confidential nature of the Confidential Information, there are legitimate commercial and privacy interests that the parties seek to protect and which warrant confidentiality.  For example, the materials described in Paragraph 3(a)-(f) relate to sensitive information concerning OSRAM

products.  Disclosure of these materials to OSRAM's competitors would place the company at a severe competitive disadvantage, and serious financial harm could result.

7. The documents that will be searched for potential production in this case include documents that are subject to the attorney-client privilege and/or attorney work product protection, and the sheer volume of documents that must be screened necessitates cost-effective and expeditious document review processes.  Therefore, there is serious danger that privileged materials could be inadvertently produced in the process of production.

8. The parties agree that the procedures for the disclosure and use of Confidential Information set forth in the Discovery Confidentiality Order attached as Exhibit A are necessary and sufficient to preserve the confidential nature of the Confidential Information, to prevent improper disclosure or unauthorized use of such sensitive Confidential Information, and to protect the rights of the parties.

9. Accordingly, there is good cause to enter a stipulated discovery confidentiality order governing the confidentiality of information and documents, and providing certain protections against inadvertent disclosure of confidential, privileged and work product-protected documents, pursuant to Local Civil Rule 5.3, in the form attached as Exhibit A.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*s/ David C. Kistler*
DAVID C. KISTLER

Dated: November 20, 2012