

*Phone:609-750-2643*

*Fax: 609-897-7291*

*Email: Kistler@blankrome.com*

April 7, 2014

**VIA ECF**
Honorable Madeline Cox Arleo, U.S.M.J.
District Court of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ   07101

> Re:   ***Chaudhri v. OSRAM SYLVANIA Inc., et al.,***
>        **Case No. 2:11-CV-05504-SDW-MCA**

Dear Judge Arleo:

I write on behalf of Defendant OSRAM SYLVANIA, Inc. ("Sylvania"), in response to plaintiff's March 28, 2014 letter to the Court seeking leave to file a partial summary judgment motion.  *See* Dkt. 76.  We understand from our telephonic conference with the Court that (a) generally, Judge Wigenton prefers dispositive motions to be filed only after discovery is concluded, and (b) that plaintiff's filing a partial summary judgment motion contemporaneously with the class certification motion *might* be acceptable.  Because the Court indicated during the April 4 status conference that it may seek Judge Wigenton's input on plaintiff's request, Sylvania thought it would be useful to state its position for the record.  Sylvania opposes plaintiff's request for at least the following two reasons.

***First***, consistent with Judge Wigenton's general practice, we believe summary judgment motions would be better made after all discovery is closed.  The Pretrial Scheduling Order provides that "[d]ispositive motions shall not be filed until thirty (30) days after the close of Discovery."  Dkt. 36 at 2 ¶ 6.  As plaintiff's counsel acknowledged in his letter, discovery is not complete in this case.  While discovery related to class certification has necessarily included issues related to the merits, significant merits-related discovery remains, including plaintiff's deposition, and expert and third party discovery.  Summary judgment is inappropriate unless "there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56.  So long as discovery is incomplete, we believe neither plaintiff nor Sylvania can assert that no material facts are in dispute.  We believe that plaintiff's motion would not contribute to judicial economy because it

Boca Raton · Cincinnati · Houston · Los Angeles · New York · Philadelphia · Princeton · San Francisco · Shanghai · Tampa · Washington · Wilmington

138114.00601/50582975v.1



April 7, 2014
Page 2

is very likely that Sylvania's would include the point that merits-related issues will still be covered by fact and expert discovery.

  **Second**, Plaintiff's attempt to establish liability on the merits before his putative class has been certified would run afoul of the general rule against one-way intervention.  That rule prohibits a putative class representative from resolving a case on the merits before the class is certified because doing so would allow unnamed putative class members to wait on the sidelines until the defendant's liability has been decided, incurring no risk for themselves in the process. Congress revised Fed R. Civ. P. 23 in a number of ways, including by adding "opt out" procedures, to enforce the rule against one-way intervention, and courts throughout the country, including the Third Circuit, have similarly recognized the principle in explaining that pre-certification efforts to determine liability are disfavored.  *See, e.g.*, *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 758-62 (3d Cir. 1974); *Zeltzer v. Carte Blanche Corp.*, 76 F.R.D. 199, 200 n.1 (W.D. Pa. 1977).

  For the forgoing reasons, Sylvania respectfully suggests that any summary judgment motions should await the close of discovery.

        Respectfully submitted,

        *s/ David C. Kistler*

        DAVID C. KISTLER

cc:  Counsel of Record (via ECF)