# KEEFE BARTELS
## TRIAL ATTORNEYS

April 14, 2014

Reply to:
Monmouth County Office
170 Monmouth Street
Red Bank, NJ 07701
Tel: 732-224-9400
Toll Free: 877-288-9247
Fax: 732-224-9494

---

John E. Keefe, Jr.[1,3]
Patrick J. Bartels[4]
John E. Gregory, Jr.[1,5]

---

Joshua S. Kincannon[6]
Jennifer Harwood Ruhl[5]
Danyelle M. Shapiro
Robert A. Storino[5]
Stephen T. Sullivan, Jr.[4]

Of Counsel:
John E. Keefe, Sr.
C. Judson Hamlin

Counsel:
Dennis M. Baptista[2]
Vivianna Cosme-Bravo
Paul A. DiGiorgio
Frank R. DiMarzio
Glenn Kaplan
Craig H. Livingston[1,2]

Certified Civil Trial Attorney[1]
Certified Workers'
 Compensation Attorney[2]

Admitted:
N.J., D.C., N.D.Fla.[3]
N.J., Pa.[4]
N.J., N.Y.[5]
N.J., Pa., N.D.Fla.[6]

---

Essex County Office
263 Lafayette Street
Newark, NJ 07105
Tel: 973-274-0408
Toll Free: 877-288-9247
Fax: 973-274-0409

Middlesex County Office
57 Paterson Street
New Brunswick, NJ 08901
Tel: 732-253-7870
Toll Free: 877-288-9247
Fax: 732-253-7872

**VIA ECF**
Hon. Madeline Cox Arleo, U.S.M.J.
United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: **Chaudhri v. Osram Sylvania, Inc., *et al.*
      Civil Action No. 11-5504 (SDW) (MCA)**

Dear Judge Cox Arleo:

  The undersigned is co-counsel with Eichen Crutchlow Zaslow & McElroy, LLP in the above putative consumer fraud and warranty class action. This letter is in response to Mr. Kistler's regarding Plaintiff's proposed motion for summary judgment.

  Contrary to counsel's recollection, the Court granted Plaintiff permission to file his motion for summary judgment simultaneously with his motion for class certification. The Court, however, directed Plaintiff to file a letter request with Judge Wigenton <u>only</u> if he still sought to file his motion for summary judgment prior to class certification. As Plaintiff will file his motions concurrently, no input is needed from Judge Wigenton. Thus, there is no basis for Mr. Kistler's letter in light of Your Honor's clear direction and Plaintiff's intended action.

  Additionally, defendant's argument regarding the merits and timing of plaintiff's motion is premature. Before defendant contends there are genuine issues of material fact, plaintiff should be allowed to file his motion. As previously represented to this Court, Plaintiff believes that certain claims made by Sylvania regarding its bulbs are ripe for partial summary disposition. Further, because the Court directed the motions be filed together, Plaintiff's motion for summary judgment does not violate the so-called rule against one-way intervention, an issue not raised prior to or during the status conference call.

  Accordingly, pursuant to the Court's direction, Plaintiff will be filing his motions for class certification and summary judgment on or before May 12, 2014.

            Respectfully submitted,

            */s/ John E. Keefe, Jr.*
            JOHN E. KEEFE, JR.
            For the Firm

JEK:mad
cc: Counsel of Record (via ECF)