BRENT F. VULLINGS, ESQ.
VULLINGS LAW GROUP, LLC
3953 RIDGE PIKE, STE 102
COLLEGEVILLE, PA  19426
(610) 489-6060
*Attorney for Objector*
Clarence Morrison

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IMRAN CHAUDHRI, DEIDRA ROSS, RICHARD SMITH, LARRY BYRD, DAVID CHRISTOPHER, DEREK HAHN and LEE S. KELLY, Individually, and on behalf of Themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>OSRAM SYLVANIA, INC., and OSRAM SYLVANIA PRODUCTS, INC.,<br><br>    Defendants. | Case No. 2:11-CV-05504 (SDW)(MCA)<br><br>OBJECTION TO MOTION FOR CLASS SETTLEMENT FOR CLARENCE MORRISON |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

Objector Clarence Morrison, 219 South Grand, Olney, TX 76374, hereby files this objection to Class Settlement in *Chaudhri v. Osram Sylvania, Inc.*, Civil Action No. 2:11-cv-05504-SDW-MCA as follows:

### Summary

The Court should reduce Class Counsel's fee request because: (1) Class Counsel did not provide a full and fair opportunity for Class Members to examine and object to its fee motion, and (2) the fee request is excessive. The Court also should eliminate or reduce Class Counsel's request for expenses. (3) The settlement relief is inadequate and unfair because it does not allow for multiple claims.

### Notice

First, Class Counsels' fee request violates Rule 23(h) because notice of the fee motion was not directed to class members in a reasonable manner. Class Members be given a full and fair opportunity to examine and object to fee motions. Rule 23(h) clearly requires that any class member be provided with an opportunity to object to the fee motion itself. Notice of the total amount of the fee request is insufficient. The fee motion is an essential settlement document and, given that essential settlement documents are posted on the settlement website, the fee motion should have been posted to the website in order to provide the Class with a full and fair opportunity to examine, and if necessary, object to it.

It is unreasonable to expect Class Members to traveled to the court or call the clerk to request and pay for a copy of the fee motion. Such an effort would required more time and expense than the $10-$12 settlement benefit is worth. Moreover, the Class Notice includes a disclaimer that prohibits Class Members from contacting the court ("Please do not contact either OSRAM

SYLVANIA or the Court with questions about this Settlement."). It also would be unreasonable to force Class Members to create a PACER account to purchase the documents. Much like reaching out to the clerk, downloading the documents would be cost prohibitive as well. Finally, it is unreasonable to expect Class Members to contact Class Counsel for a copy of the fee motion. Class Members should not be required to disclose their identities and address to Class Counsel in exchange for a copy of the fee motion, especially if the Class Member intends to oppose the settlement. Class Members are not expected to make a specific request for the settlement agreement, preliminary order, or claim form, so why should they be expected to contact Class Counsel for the fee motion? The fee motion should have been posted online for the Class to review (at least two weeks before the objection deadline). Because it was not, Class Counsel violated Rule 23(h).

Attorneys' Fees

Second, Class Counsel's fee request of $10 million—more than two-thirds of the Class benefits—is excessive and unreasonable. The Third Circuit Task Force determined that an award in the 20%-30% range is reasonable (108 F.R.D. 237 (1985)). While "free market" rates might exceed the range of the Third Circuit Task Force, class actions are not representative of average civil cases. Thus, free market rates are not applicable. The Court should reduce Class Counsel's requested fee percentage. Additionally, Class Counsel should not be permitted to request a percentage of the total settlement package. The total settlement package is a combination of costs and class benefits. Costs, such as notice and administration, are not benefits and should not be included in the calculation of Class Counsel's award. Class Counsel's award should be a reasonable percentage of the total Class recovery (i.e. all moneys paid to Class Members) and exclude settlement costs.

The Court also should reject Class Counsel's request for expenses. Class Counsel's expenses total $277,652.57 and the fee award more than

compensates Class Counsel for its time and effort. If the Court does not reject Class Counsel's request for expenses, it should exclude items unrelated to the prosecution of this case. For example, Class Counsel should not be permitted to recover legal research expenses or meals. The Class should not be forced to pay for Class Counsel's time learning the law (or the cost of its subscription services) and it should not pay for its breakfast, lunches, snacks or dinners. There is no guarantee Class Counsel economized these costs and the Court should reject them.

### Unfair Settlement Relief

The settlement relief is inadequate and unfair. Settlement payments should not be limited to one purchase per Class Member. Such an arbitrary limitation discriminates against Class Members with multiple purchases, especially those with proof of purchase. By unreasonably limiting Class Member recovery to one purchase, the settlement creates intraclass conflict and a Class Member with one purchase will recover a greater proportion of their expenses than a Class Member with multiple purchases. As a result, the settlement relief is inadequate and unfair. Any Class Member with proof of multiple purchases should be permitted to submit his or her proof and recover benefits in proportion to each purchase.

VULLINGS LAW GROUP, LLC

Dated: February 9, 2015

By: /s/ Brent F. Vullings
BRENT F. VULLINGS
*Attorney for Objector Clarence Morrison*

Objector

*Clarence Morrison*
Clarence Morrison

4
OBJECTION; Case No. 2:11-CV-05504 (SDW)(MCA)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on February 9, 2015 and served by the same means on all counsel of record.

/s/ Brent F. Vullings

_____

Brent F. Vullings